**In the Interest of S.R.A., a Child.**

**Appeal of B.S., Mother, Appellant.**

**No. 88–1156.**

Court of Appeals of Iowa.

March 16, 1989.

Terry Rickers of Brierly, McCall, Gird-ner, Chalupa, McCall & Otto, Newton, for appellant mother.

Thomas J. Miller, Atty. Gen., Valencia Voyd McCown, Asst. Atty. Gen., Cliff Wendell, Asst. Jasper County Atty., for appellee State.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

The mother, B.S., appeals the dispositional order of the district court regarding the removal of her child, S.R.A., from the family home. She contends the district court erred in the placement. We disagree and affirm the trial court.

S.R.A. (born on April 15, 1977) is an eleven-year-old child who was adjudicated a child in need of assistance pursuant to Iowa Code section 232.2(6)(d) on May 26, 1988. In its decision, the court found two incidents of sexual abuse perpetrated upon S.R.A.; once by her stepbrother, M.S., and another incident involving her stepfather, K.S. All parties admit both incidents took place. The dispute only lies regarding whether S.R.A. initiated and was somehow thereby "at fault" in the latter situation.

Review of a dispositional hearing held after a child has been adjudicated in need of assistance is de novo. Iowa R.App.P. 4. Consequently, we give weight to those fact findings of the district court, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R.App.P. 14(f)(7).

Dispositional hearings are held under the authority and directions of Iowa Code section 232.99 (1989). The district court "shall make the least restrictive disposition *appropriate* considering all the circumstances of the case." Iowa Code § 232.99(3) (1989) (emphasis added). Succeeding statutes list permissible dispositions available to the court. The court has the discretionary power to order the child to remain in the home under the supervision of the Department of Human Services (or other agencies) or, among others, may order the child to be removed from the home and placed in the legal custody of relatives. Iowa Code §§ 232.100, 232.101, 232.102 (1989). Further, the court should "whenever possible ... permit the child to remain at home with the child's parent ... unless the court finds there is clear and convincing evidence ... the child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance and an adequate placement is available." Iowa Code § 232.102(4)(b) (1989).

B.S. contends the district court erred in placing S.R.A. outside her home. Specifically, she asserts that no clear and convincing evidence exists to support 1) such placement as the least restrictive option available to the court and 2) that the no-contact

order between S.R.A. and her stepfather was warranted. We disagree and affirm the district court's order for reasons stated below.

At the adjudicatory hearing, upon stipulation of the parties, the district court found S.R.A. had been sexually abused by her stepbrother, M.S. At the dispositional hearing, evidence was admitted to support the fact that a second sexual abuse had taken place between the child and her stepfather.

The mother believes that the child may have either initiated the sexual activity or lied about it to get attention or cause difficulties. We believe, however, that the record supports a finding that oral sex did take place between this eleven-year-old child and her stepfather. Factually, the stepfather does not deny the incident, but merely claims that he was unaware that it was taking place for he was sleeping on the sofa naked at the time. He claims that as soon as he found out what was taking place, he made the child stop.

The district court held K.S. partly responsible for the act and found no satisfactory explanation as to why the child could recount the liaison in such detail if it had not in reality occurred. The child gave descriptive testimony concerning the sex act itself and the offensiveness that resulted when defendant ejaculated. We agree with this finding of the trial court.

■ There is clear and convincing evidence that a liaison occurred. As a parent and adult in the home, the stepfather has primary responsibility in this situation. He should be and is held to that responsibility. Even if the child initiated the incident of oral sex, this does not diminish the stepfather's role as a perpetrator.

We believe the record further supports a finding that B.S. was aware of the sexual activity that took place between the child and her stepbrother. Even though B.S. was aware of these incidents, she chose to ignore the problem.

■ The court ordered the child to be placed with the maternal grandmother. Regarding the appropriateness of this placement, we find clear and convincing evidence. All three professionals testified their belief that two incidents of sexual abuse had occurred. They all testified that the family could not be reunited until all parties received further counseling to discover and employ a change of attitude. To permit S.R.A. to live at home at this time, even with supervision, would only exacerbate the dysfunction of this family unit. The court did not hear any evidence against placement with the grandmother.

While it is true there exists a parental interest in the integrity of the family unit, this interest is not absolute and may be forfeited by certain parental conduct. *In the Interest of Dameron,* 306 N.W.2d 743, 745 (Iowa 1981).

■ For these same reasons, we also find clear and convincing evidence to support the no-contact order. Dr. Vera Joffe, a psychologist, testified that S.R.A. would be unable to protect herself from another incident unless she receives treatment. She does not believe that returning S.R.A. to the home of the perpetrators would be in her best interests. She could not guarantee that abuse would not happen again. Dr. Joffe stated that the parents needed to establish a history of appropriate parenting and undergo some form of therapy before she would recommend S.R.A. enter the home again, even with supervision. Cheryl Wilde, Child Protective Investigator for the State of Iowa, and James Veldhuizen, Social Worker, testified similarly.

We, therefore, affirm the decision of the district court.

AFFIRMED.