In the Interest of R.F., A Child.

R.F., Father, Appellant,

v.

STATE of Iowa, Appellee.

No. 90–1112.

Supreme Court of Iowa.

June 19, 1991.

Kevin P. Shea of Shea Law Offices, Cedar Rapids, for appellant.

Bonnie J. Campbell, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Judy Sheirbon, Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, NEUMAN and ANDREASEN, JJ.

LARSON, Justice.

Robbie, now fourteen, was adjudicated at age twelve to be a child in need of assistance and placed in his father's custody with supervision by the Department of Human Services (DHS). Later, the juvenile court, having been advised that Robbie was being abused, ordered his immediate removal and set a hearing to decide if custody should be transferred permanently to DHS. The or-

der was so modified, and R.F. appealed. We affirm.

Three issues are raised: (1) due process in the initial removal of the child; (2) the constitutionality of Iowa Code section 232.-103 (1989), which provides for modifications of child in need of assistance (CINA) disposition orders; and (3) the sufficiency of the evidence to support the findings and order of the juvenile court.

Robbie was born in 1976, and his parents were divorced about four years later. His father, R.F., has cared for him since the divorce. R.F. remarried in 1985. Robbie was adjudicated to be a child in need of assistance in August 1989 due primarily to physical abuse by his stepmother. An order was entered allowing Robbie to continue to live with his father, who had in the meantime separated from his wife, subject to supervision by the DHS.

R.F., as an over-the-road truck driver, is typically gone all but two weekends per month. After his separation from the stepmother, R.F. left Robbie with two friends, Jim and Tammy. DHS was informed of the arrangement and worked with Jim and Tammy to comply with Robbie's counseling and educational needs.

I. *The Temporary Removal.*

■ The original CINA order, entered in 1989, placed Robbie in his father's custody, subject to protective supervision by DHS. DHS personnel informed the juvenile court on April 5 and 6, 1990, that it was unable to fulfill its obligation of protective supervision. The reasons given were that R.F. was gone most of the time and Jim and Tammy, the people with whom Robbie was living, were uncooperative and had physically abused Robbie. On April 6, the court ordered the immediate removal of Robbie and set a hearing for April 23, 1990, "for the purpose of determining whether the dispositional Order should be modified by transferring custody for the purpose of family foster care placement or a group foster care placement."

No formal application was made for the April 6 order, and no advance notice was

given to R.F., who complains that he was thus denied due process.

Iowa Code section 232.103(1) provides:

At any time prior to expiration of a dispositional order and upon the motion of an authorized party or upon its own motion as provided in this section, the court may terminate [dispositional] order and discharge the child, modify the order, or vacate the order and make a new order.

Section 232.103(3) provides that

[a] hearing shall be held on a motion to terminate or modify a dispositional order except that a hearing on a motion to terminate an order may be waived upon agreement by all parties. Reasonable notice of the hearing shall be given in the same manner as for adjudicatory hearings in cases of juvenile delinquency as provided in section 232.37. The hearing shall be conducted in accordance with the provisions of section 232.50.

It is apparent that this statute does not expressly allow for the summary removal of a child pending modification or termination of a CINA order, as was done here. It clearly contemplates that notice and hearing will precede any modification of the order.

Iowa Code section 232.78, on the other hand, does provide for summary removal. But it provides that it may be implemented only on grounds specified in the statute. None of these grounds was found to exist in this case, and the State does not claim that the summary removal rests on section 232.78. The issue remains whether section 232.103 permits it. R.F. argues that there is no statutory authority for ex parte removal of a child under either section 232.78 or 232.103, and that the court's action here deprived him of due process.

R.F. immediately confronts the problem of preservation. We find no record of his raising this issue in district court. Moreover, we believe that, while notice and hearing are required for a modification or termination of a CINA order under section 232.103, *In re Blackledge*, 304 N.W.2d 209, 213 (Iowa 1981), the April 6 proceeding was not a modification hearing. We believe it is implicit in the power of the juvenile court in monitoring its prior CINA orders to temporarily, even summarily, remove a child pending a hearing on the modification. In other words, we do not believe that Iowa Code section 232.78 provides the only authorization for summary removal when a child is already under the jurisdiction of the juvenile court under a CINA order. Here, the April 6 action by the juvenile court was not to modify the dispositional order but only to temporarily care for the child until the modification hearing could be held.

■ As to the validity of the notice and hearing of the May 14 modification hearing, it is uncontested that R.F. was given notice of the hearing and given an opportunity to appear, albeit in a rather unconventional way. When the modification matter was reached for hearing on April 23, pursuant to the April 6 order, R.F.'s counsel had not received a copy of the child abuse report. Therefore, after the State presented its evidence, R.F. moved for a continuance to allow him to examine the abuse report and prepare his defense. The modification hearing was continued to May 14, and R.F. appeared at that time with his attorney and challenged the proposed modification. R.F. does not contend that the hearing of May 14, which led to the final order of modification, was not preceded by adequate notice and an opportunity to appear. We believe he was accorded due process.

II. *Constitutionality of Section 232.-103.*

■ R.F. contends that section 232.103 is unconstitutional on its face and as applied. He argues that it is unconstitutional because it permits the court to modify a CINA order on its own motion and, as applied in this case, is unconstitutional because it permitted the court to modify a dispositional order without notice and hearing.

The State responds that R.F. failed to preserve error on this issue, and this appears to be so. Moreover, we believe that R.F. has failed to rebut the presumption of constitutionality. This section, contrary to

**824**

R.F.'s argument, does not permit a court to modify an order without notice and hearing. *See Blackledge*, 304 N.W.2d at 213. As already noted, R.F. did receive notice and a hearing on the modification issue.

We also reject R.F.'s constitutional argument that section 232.103 is invalid because it permits a court to order a hearing on its own motion. We do not believe that the impartiality of a judge is destroyed simply because the judge orders a hearing to see if a modification is warranted.

### III. *Sufficiency of the Evidence.*

■ R.F. contends that there was inadequate evidence to permit a change in the court's original CINA order. Our review is de novo. *In re B.B.*, 440 N.W.2d 594, 596 (Iowa 1989). We give weight to the juvenile court's fact findings, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R.App.P. 14(f)(7). When resolving this issue, our concern is the best interests of the child, Iowa R.App.P. 14(f)(15), and a rebuttable presumption exists that his best interests are served by parental custody. *In re B.B.*, 440 N.W.2d at 596. A modification of custody or placement requires a material and substantial change in circumstances. *In re J.F.*, 386 N.W.2d 149, 152 (Iowa App. 1986).

■ We conclude, as did the juvenile court, that the facts justify a modification of the CINA order. R.F. was gone almost all of the time, and when he was with Robbie they had no home of their own. They lived with friends. These friends had children of their own, and frequent conflicts arose between Robbie and these children. Physical altercations and severe corporal punishment of Robbie followed. These custodians failed to cooperate with DHS in providing Robbie appropriate services, and they failed to cooperate in the abuse investigation.

We agree with the juvenile court that a material change of circumstances existed which warranted the modification. It must be borne in mind that this is not a case in which the child's relationship with the father is being terminated. Under the court's order, if R.F. is able to show that a reasonably safe environment is available to Robbie, he may petition for modification to return Robbie's custody to him. In the meantime, the restrictions placed on R.F.'s contact with the child in the modification order appear to be appropriate, and we agree that they should be implemented.

We find no error in the juvenile court's order and therefore affirm.

AFFIRMED.