**In the Interest of V.B., V.B., and A.B., Minor Children,**

**L.L., Mother, Appellant.**

**No. 92-06.**

Court of Appeals of Iowa.

Aug. 27, 1992.

John P. Messina, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., and Judy Sheirbon, Asst. Atty. Gen., for appellee State.

Mary Ellen Perkins, guardian ad litem and attorney for the children.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

L.L., the mother of three children, appeals a temporary removal order which ordered her children to remain in the custody of the Department of Human Services (DHS) and ordered the mother to undergo any and all services which DHS deemed appropriate. The children of L.L. are: Va. B., born January 11, 1985; Vi.B., born June 24, 1986; and A.B., born August 15, 1988. The mother contends the juvenile court erred in removing the children from her custody. In addition, the mother argues the juvenile court erred in giving broad discretion to DHS to require the mother to undergo any and all services which DHS deemed appropriate.

On January 4, 1991, the State filed a child in need of assistance petition alleging L.L.'s children to be children in need of

assistance. R.L., who is married to L.L., is the stepfather of Va.B. and Vi.B. and the putative father of A.B. The State alleged R.L. had physically and sexually abused Va.B. and Vi.B. and sexually abused A.B.

On February 7, 1991, the juvenile court adjudicated the three children to be children in need of assistance pursuant to Iowa Code section 232.2(6)(c)(1) (1991).

In April of 1991 the juvenile court filed a dispositional order. The court ordered Va.B. and Vi.B. to be placed in an in-patient mental health center for an evaluation. The mother retained custody of A.B. and was ordered to cooperate with DHS.

On October 28, 1991, the juvenile court filed a review of the dispositional order. All parties stipulated the children should remain in the custody of their mother under the supervision of DHS. The juvenile court ordered DHS to supervise visits between R.L. and the children. Finally, the juvenile court ordered DHS to provide in-home family therapy.

On November 21, 1991, the juvenile court filed a temporary removal application and order. DHS workers learned R.L. had violated the no-contact order by living with L.L. and the children. In addition, workers had a substantial belief L.L. would take flight with the children. Pursuant to Iowa Code section 232.95 (1991), the juvenile court ordered the children be removed from the home and placed in the temporary custody of DHS.

A hearing was held on the temporary removal of the children, and the juvenile court filed its decision on December 10, 1991. The juvenile court held L.L. and R.L. in contempt for violation of the no-contact order. The court found it would be detrimental to return the children to their mother. Therefore, the juvenile court found it was in the best interests of the children for DHS to retain custody. The juvenile court ordered L.L. to cooperate with DHS in any and all services offered to her to reunite the family. The juvenile court stated failure to cooperate with DHS could result in the filing of a termination of parental rights petition against the mother.

The mother has filed this appeal.

Our review of this case is de novo. *In re S.R.A.*, 440 N.W.2d 619, 620 (Iowa 1989). We give weight to fact findings of the trial court, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R.App.P. 14(f)(7). Our primary concern is the welfare and long-term, as well as immediate, best interests of the children. *In re D.T.*, 435 N.W.2d 323, 329 (Iowa 1989); *In re D.L.*, 401 N.W.2d 201, 202 (Iowa App.1986). The State has a duty to ensure every child receives minimally adequate care and treatment and will intercede when parents abdicate their responsibilities to their children. *In re Dameron*, 306 N.W.2d 743, 745 (Iowa 1981).

■ The first issue is whether the juvenile court properly removed the three children from the custody of their mother. We find the record supports the removal. The mother violated the no-contact order by allowing R.L. to live and be with the children. The mother did not protest R.L.'s presence. Her tolerance of his presence must be considered against her. *In re W.G.*, 349 N.W.2d 487, 492 (Iowa 1984), *cert. denied*, 469 U.S. 1222, 105 S.Ct. 1212, 84 L.Ed.2d 353 (1985). L.L. also failed to adequately supervise and protect her children, especially from the abusive acts of R.L. The children have suffered emotionally, physically, and mentally due to their contact from R.L. and their mother's failure to protect them from such harm.

■ Evidence supports the juvenile court's conclusion the return of the children to the home would be detrimental to their welfare. *See* Iowa Code § 232.102(5) (Supp.1991). The guardian ad litem contends reasonable efforts were made to prevent the need for removal of the children from the home. We agree with this argument. Iowa Code section 232.102(5) requires clear and convincing evidence "that reasonable efforts have been made to prevent or eliminate the need for removal of the child[ren] from the child[ren]'s home." *Id.* The juvenile court's no-contact order and the juvenile authorities' insistence on family therapy and services constituted reasonable efforts to prevent the need for

the removal of the children from the home. *See id.; In re D.T.,* 435 N.W.2d 323, 330 (Iowa 1989). DHS provided services to L.L. and her family in an attempt to keep the family intact. The services provided to the mother included in-home family therapy, homemaker services, parenting skills services, counseling, Parent Infant Nurturing Center evaluations, and Family Preservation. However, the record reflects the mother frequently failed to keep appointments and adequately use the services. The parents' violation of the no-contact order and lack of cooperation in services provided by DHS left authorities no choice but to seek removal of the children from the home. Upon a de novo review, we find there is clear and convincing evidence reasonable efforts were made to prevent the removal of the children from their home, and the removal of the children from L.L.'s custody was in the children's best interests to protect them. We affirm on this issue.

With regard to the second issue, we find the juvenile court erred in granting discretion to DHS to determine which services were necessary and appropriate for the mother. The juvenile court stated DHS could "exercise [its] discretion" and instructed the mother to "cooperate with the Iowa Department of Human Services with *any and all* services offered to her in order to reunite this family."

The juvenile court has the authority to authorize the temporary removal of a child from the home. Iowa Code § 232.96(10) (1991). The court's responsibilities include "specify[ing] the nature and category of disposition which will serve the best interests of the child, and shall prescribe the means by which the placement shall be monitored by the court." *Id.* § 232.102(7). The Iowa Code, however, requires further court action: "If the court orders the transfer of custody of the child to the department of human services ... for placement, the department ... *shall submit a permanency plan to the court....*" *Id.* (emphasis added). In this case, the juvenile court transferred custody of the children to DHS. The error is the court granted discretion to DHS to choose "any and all" services

which DHS deemed appropriate rather than requiring DHS to submit a case permanency plan to the court pursuant to section 232.102(7). Chapter 232 does not allow the juvenile court to grant discretion to DHS and thereby abdicate its responsibility to specify the services with which the mother must comply. The manner by which these services are specified must follow statutory provisions, particularly Iowa Code section 232.102(7). The juvenile court lacked authority to grant discretion to DHS. We reverse and remand this issue for further proceedings in the juvenile court in order that a case permanency plan may be submitted to and ruled on by the juvenile court. We do not retain jurisdiction.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

SCHLEGEL, P.J., concurs.

SACKETT, J., concurs in part and dissents in part.

SACKETT, Judge (concurring in part and dissenting in part)

I concur in part and dissent in part.

I agree with the majority that the juvenile court lacked authority to grant the discretion it did to the Department of Human Services. I agree too, that the matter should be remanded for further proceedings.

However, before the children were removed from the parental home, the trial court was required to find there was clear and convincing evidence that reasonable efforts had been made to prevent or eliminate the need for removal of the children from their home. *See* Iowa Code § 232.-102(1), (2). This finding was never made.