# IN THE COURT OF APPEALS OF IOWA

No. 14-1139
Filed November 13, 2014

**IN THE INTEREST OF R.H.,**
**Minor Child,**

**G.N., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Clay County, Charles K. Borth, District Associate Judge.

A mother appeals the denial of her motion to modify the dispositional order of the juvenile court, which left her daughter in the care of the child's maternal grandmother. **AFFIRMED.**

Shawna L. Ditsworth, Spirit Lake, for appellant mother.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Michael J. Houchins, County Attorney, and Kristi Busse, Assistant County Attorney, for appellee State.

Shannon Sandy of Sandy Law Firm, P.C., Spirit Lake, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

A mother appeals the denial of her motion to modify the dispositional order of the juvenile court, which left her daughter in the care of the child's maternal grandmother. We affirm.

**I. Factual and Procedural Background**

The Department of Human Services (DHS) became interested in the thirteen year-old child in the summer of 2013 when it received information she may have been subjected to physical abuse at the hands of her step-father. A DHS worker visited the family's house on August 1, 2013. The child was not there, and the mother and step-father refused the worker entry to the house.

The worker returned on August 8, 2013. The family first attempted to elude him, but he was eventually able to speak with them and enter the residence. The child denied the allegations of physical abuse. But the DHS worker observed stacks of garbage consuming the home and 5-gallon buckets filled with human waste that had replaced the toilet due to a lack of running water.

DHS filed a child-in-need-of-assistance (CINA) petition. The mother and step-father stipulated to the entry of a CINA order as to the child and her two younger half-siblings on September 11, 2013. Though the child remained in the mother's custody, she had moved in with her grandmother during the weekdays sometime in August.

On November 7, 2013, the juvenile court formally removed the child from her mother's custody and placed her in her grandmother's care after the child reported her step-father had touched her in a sexual way on two separate

occasions. No charges have been filed against the step-father. The child continues to assert her allegations are true. The step-father denies them, and the mother does not believe the allegations are truthful. The step-father has previously been reported for similar conduct regarding another young girl, and those reports were confirmed. The child has made similar accusations against her biological father, and those accusations are not confirmed.

The child has continued to have supervised visits with the mother, but she recently asked for the visits to stop. She is upset that her mother does not believe her allegations against her step-father or biological father. She is afraid to return to her mother's custody because she would again be in the presence of her step-father. She has told her therapist she would attempt suicide if forced to live with her mother and step-father. The mother has stated there is no need for protective measures between her daughter and her husband.

In the meantime, concerns with the grandmother's supervision of the child developed. DHS had requested modification of the dispositional order to remove the child from the grandmother's care and place her in foster care. However, the grandmother complied with DHS's requests and allayed its concerns. DHS has withdrawn its request for modification. Since moving in with her grandmother, the child's performance in school has improved. She is reported to have an improved attitude and outlook, and her hygiene has improved.

The juvenile court dismissed the State's CINA petition regarding the child's two younger siblings on the State's motion after the mother and step-father took the necessary steps to improve living conditions and the care provided in their home.

The mother filed a motion to modify the dispositional order to remove the child from the grandmother's care. The mother requested that the child be returned to her custody or alternatively placed in a residential treatment facility. The juvenile court denied the motion after an evidentiary hearing during which the court interviewed the child in chambers, leaving her in her grandmother's care. The mother appeals.

**II. Standard of Review**

We review the juvenile court's denial of the mother's motion de novo. *In re K.B.*, 753 N.W.2d 14, 14 (Iowa 2008). "We give weight to the fact findings of the juvenile court, especially when considering the credibility of witnesses, but we are not bound by these findings." *In re C.D.*, 509 N.W.2d 509, 511 (Iowa Ct. App. 1993).

**III. Discussion**

"A modification of custody or placement requires a material and substantial change in circumstances." *In re R.F.*, 471 N.W.2d 821, 824 (Iowa 1991). The juvenile court held, "not only has there not been a substantial and material change in circumstances since [the order removing the child from the mother's custody], there in fact has been essentially no change in circumstances at all."

On appeal, the mother asserts the evidence demonstrates a substantial and material change in circumstances in four ways. First, the child's allegations of sexual abuse by the step-father remain unconfirmed. Second, the grandmother may be influencing the child's opinion of her mother. Third, the child has not received adequate care in the grandmother's home. Fourth, the

mother and step-father have cooperated with DHS and participated in relevant services to work towards reunification.

We agree with the district court that there is no relevant change in circumstances that necessitates modification of custody. Though the child's allegations against the step-father remain unconfirmed, the child's fears of future contact with her step-father "appear to [the juvenile] court to be genuine." We give weight to the juvenile court's credibility determination when, as here, the court was able to observe the child's demeanor and hear her statements directly. The fact that the allegations are not confirmed does not constitute a substantial change where the accuser maintains her claim and continues to demonstrate real fear of contact with her alleged abuser.

The mother's second and third claims of a purported substantial change in circumstances reveal more information regarding the acrimony between the mother and grandmother than regarding any new circumstances with the child. We agree with the State that neither of these claims "directly relate to the mother's and stepfather's ability to provide the child with a safe and stable home." There is no indication the grandmother is currently providing inadequate care to the child.

The claims instead highlight the mother's primary goal: to remove the child from the grandmother's care. Further highlighting the mother's true goal is her alternative suggestion that the child be placed in a residential treatment facility, an argument the juvenile court noted is without merit. It is clear from the record the relationship between the mother and grandmother is strained. The mother

may not use the child as tool to manipulate her relationship with the grandmother.

Lastly, though the mother and step-father have laudably participated in services that ultimately terminated juvenile court jurisdiction over the child's younger siblings, the child's circumstances have not changed as to the allegations of sexual abuse—the very reason she was removed from the mother's custody in the first place.  Therefore the mother's compliance with some of DHS's recommendations is not a relevant change in circumstances to the case at hand.

None of the mother's claims constitute substantial or material changes in circumstances that would justify a modification of custody.  We affirm the juvenile court.

**AFFIRMED.**