# IN THE COURT OF APPEALS OF IOWA

No. 16-1459
Filed October 26, 2016

**IN THE INTEREST OF C.P.,**
**Minor child,**

**H.L., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Ringgold County, Monty W. Franklin, District Associate Judge.

A mother appeals the dispositional review order of the juvenile court modifying the placement of the child in this child-in-need-of-assistance proceeding. **AFFIRMED.**

Bryan J. Tingle of the Tingle Law Office, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Carol A. Clark, Lamoni, guardian ad litem for minor child.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

The mother appeals the juvenile court's dispositional review order that removed the child at issue from her care and placed the child in the father's care. She claims there has not been a change in circumstances since the time of adjudication to justify the removal of the child. She also asserts there was no evidence the child needed to be removed and the evidence established she was improving in her ability to care for her son. She contends the placement with the father was improper as the recommendation from the department of human services (DHS) was conditioned on the father living with his parents and no such condition was imposed by the juvenile court.

C.P. is eight years old and has special needs. His diagnoses include epilepsy and seizure disorder, ADHD, ADD, autism, and indicia of bipolar. He is on multiple medications and has significant behavioral challenges. In December 2014, he came to the attention of DHS when it was discovered the mother was not consistently ensuring the child took his seizure medication and not following up on his medical appointments. The child was adjudicated to be in need of assistance in July 2015 under Iowa Code section 232.2(6)(e) (2015).[1] The child was allowed to stay with the mother, though she was ordered to, among other things, "ensure that all of the child's physical, emotional, and educational needs are appropriately met," "ensure that the child is present for all neurologic and

---

[1] Iowa Code section 232.2(6)(e) defines child in need of assistance as an unmarried child "who is in need of medical treatment to cure, alleviate, or prevent serious physical injury or illness and whose parent, guardian, or custodian is unwilling or unable to provide such treatment."

psychiatric appointments," and "participate in Parent/Child Interaction Training (PCIT) with the child."

The district court noted in the August 18, 2016 dispositional review order that over the course of the proceedings the mother had improved in her ability to get the child to take his medication and in getting him to medical appointments but "there is still a question whether the mother has been entirely consistent with the child's medication management." The child's teacher observed bruises, scratches, and bite marks on the child's arm in October 2015. The child informed the teacher that the mother caused the injuries when he would not take his medication. The DHS worker testified as to her many attempts to show the mother effective ways to give C.P. his medication. Her efforts were met with little compliance. The mother also has difficulty addressing the child's behaviors and has not shown an ability to provide stability and consistency for the child. In July 2015, the child became disruptive and destructive during a dentist appointment. The child's behavior was out of control and he was physically assaulting the staff. The mother told the dentist office staff to deal with her son and walked out of the building. The staff resorted to calling police to calm down the child, and the mother admitted not giving the child his medication before the dentist appointment. In another incident in June of 2016, after a therapy appointment, staff of the therapist's office observed the mother standing over the child who was on the ground in the parking lot. The mother was yelling at the child and moving her arms as if she was hitting him, though staff could not observe if she was making contact with the child. When a vehicle arrived to pick them up, the

mother left the area on foot, leaving the child to be placed in the car by the driver of the vehicle.

The juvenile court reported services have been provided to the mother for over eighteen months, and while the mother has demonstrated some improvement in her parenting abilities, the improvement has been limited particularly considering the length of time services have been provided. The court noted the mother "has been unable to adequately incorporate and utilize the information she has been taught concerning her parenting of her child." The court also stated "the in-home worker testified that there has not been significant progress made by the child's mother to implement the parenting skills training provided to her and that their agency has exhausted available services for the mother."

The mother has significant mental health issues and limitations of her own, and the court determined her difficulties combined with her child's significant issues results in the mother being unable to adequately parent the child and the problem will only become more pronounced as the child gets older and his needs become more complicated.

The father struggled with his own mental health history in the past, but has been able to manage his conditions and function normally. The court noted his support system included his parents, who have "extensive experience with obtaining and working with services for children with mental health issues and intellectual limitations." The court stated the father would move into his parents' home if the child were placed in his care so the child could receive comprehensive care and supervision.

We review child-in-need-of-assistance (CINA) proceedings de novo. *In re K.B.*, 753 N.W.2d 14, 14 (Iowa 2008). Under Iowa Code section 232.103(4), the juvenile court can modify a dispositional order if the court finds any of the following circumstances exist:

> a. The purposes of the order have been accomplished and the child is no longer in need of supervision, care, or treatment.
> b. The purposes of the order cannot reasonably be accomplished.
> c. The efforts made to effect the purposes of the order have been unsuccessful and other options to effect the purposes of the order are not available.
> d. The purposes of the order have been sufficiently accomplished and the continuation of supervision, care, or treatment is unjustified or unwarranted.

If the court determines the circumstances exist, the court may transfer custody if it finds clear and convincing evidence: "(1) The child cannot be protected from physical abuse without transfer of custody; or (2) The child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance and an adequate placement is available." Iowa Code § 232.102(5)(a). In addition, the court must find "continuation of the child in the child's home would be contrary to the welfare of the child, and shall identify the reasonable efforts that have been made." *Id.* § 232.102(5)(b). Finally, the court must also find a material and substantial change in circumstances.[2] *In re R.F.*, 471 N.W.2d 821, 824 (Iowa 1991).

---

[2] The requirement to show a material and substantial change in circumstances was first adopted by this court in *In re Leehey*, 317 N.W.2d 513, 516 (Iowa Ct. App. 1982), where this court reasoned that if such change was needed to be shown in a dissolution proceeding it should also be required in a CINA proceeding—"Since a child's need for a stable and continuing environment is no less important in custody cases arising under the juvenile code, we believe that the requirement of a material and substantial change in circumstances is equally applicable to modification of custody and placement orders pursuant thereto." There is now some question regarding whether there remains a

We agree with the juvenile court that the facts in this case satisfy the required findings to justify modifying the dispositional order and transferring the child to the father's care. With more than eighteen months of services, it became clear that, while the mother had shown some improvement, she was still unable to medicate the child consistently without using inappropriate means. To keep the child in the mother's home would be contrary to his welfare as she has not shown an ability to absorb and apply the parenting and interaction information provided to her. As the juvenile court noted, the mother "has been unable to adequately incorporate and utilize the information she has been taught concerning her parenting of her child" and the agency "has exhausted available services for the mother" without any significant progress of the mother implementing the training and skills provided. The child has extensive needs that require a caretaker with "special skills and abilities," and the mother has not shown an ability to acquire and apply those skills. We agree with the juvenile court's conclusion that the purpose of the original disposition order cannot be accomplished and reasonable efforts have been made and exhausted to keep the child in the mother's care. Finally we agree a material and substantial change in circumstances exists in this case as the mother has been provided services but still not been able to parent the child adequately and the efforts of DHS have been unsuccessful in ensuring the child is in a safe and stable environment considering his special needs. We affirm the court's transfer of the

---

requirement for the court to find a material and substantial change in circumstances in order to transfer custody in a CINA proceeding. *See In re V.B.*, No. 14-0315, 2014 WL 2600318, at *4 n.3 (Iowa Ct. App. June 11, 2014); *see also In re M.M.*, No. 16-0548, 2016 WL 4036246, at *3–4 (Iowa Ct. App. July 27, 2016). However, absent a definitive decision from the supreme court on this issue, we retain that requirement.

placement of the child from the mother to the father as it is in the child's best interests.

**AFFIRMED.**

Tabor, J. concurs; Mullins, J., concurs specially.

**MULLINS, Judge** (concurring specially).

I concur in the result, but write separately. Based on the reasoning in *In re M.M.*, No. 16-0548, 2016 WL 4036246, at *3–4 (Iowa Ct. App. July 27, 2016), I do not believe we must find a material and substantial change in circumstances. Satisfaction of Iowa Code sections 232.102(5) and 232.103(4)(b) or (c) is all that is required to modify the dispositional order in this case. *See id.*