# IN THE COURT OF APPEALS OF IOWA

No. 16-1678
Filed January 11, 2017

**IN THE INTEREST OF C.C.,**
**Minor child,**

**W.C., Mother,**
         Appellant.
_____


Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.


A mother appeals the district court's transfer of her child from her care to the custody of the department of human services.  **AFFIRMED.**


J. David Zimmerman, Clinton, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Brian P. Donnelly of Mayer, Lonergan & Rolfes, Clinton, guardian ad litem for minor child.

Neill A. Kroeger, LeClaire, attorney for minor child.


Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the district court's modification of a dispositional order, the effect of which was to transfer her child from her care to the custody of the department of human services.

**I.      *Background Facts and Proceedings***

A thirteen-year-old child who lived with his mother exhibited aggressive and out-of-control behaviors at school and at home. The department determined he was "in need of treatment to cure or alleviate serious mental illness" and the mother was "unwilling to provide such treatment."

The State filed a child-in-need-of-assistance petition. The child's guardian ad litem found the child "had not been attending school for some time" and "was exhibiting very inappropriate and aggressive behaviors" when he attended school. He also reported that the child might "have a history of being abusive towards his mother."

The district court adjudicated the child in need of assistance, reasoning the mother needed help in meeting his needs. The court did not remove the child from her custody.

A month after the adjudication, the guardian ad litem reported "there [was] a significant level of risk involved in the current placement," given the child's "lack of self-control." Nonetheless, he declined to recommend immediate removal because the mother was complying with services and had executed a voluntary safety plan that required constant supervision of the child. The district court entered a dispositional order continuing placement with the mother subject to oversight by the department.

Within two and one-half months, the State moved to modify the order, citing a report from the department social worker overseeing the case that she saw the child at a grocery store without his mother or another adult. According to the social worker, the child recognized her and told her his mother was in the car. When she approached the car and reminded the mother of the safety plan, the mother failed to acknowledge her violation. In light of this incident and others, the guardian ad litem reported he was "increasingly less optimistic about [the mother's] ability to care for [the child] on her own."

Following a hearing on the modification motion, the district court ordered custody of the child transferred to the department for placement at a residential treatment facility.

On appeal, the mother contends the legal requirements for transfer of the child were not satisfied. Those requirements are set forth in Iowa Code section 232.103(4) (2015), which authorizes a court to modify a dispositional order if "[t]he purposes of the order cannot reasonably be accomplished" or if "[t]he efforts made to effect the purposes of the order have been unsuccessful and other options to effect the purposes of the order are not available." Iowa Code § 232.103(4)(b), (c). In addition, our precedent requires a showing of "a material and substantial change in circumstances." *In re R.F.,* 471 N.W.2d 821, 824 (Iowa 1991); *cf. In re M.M.,* No. 16-0548, 2016 WL 4036246, at *4 (Iowa Ct. App. July 27, 2016) (concluding "the juvenile court need not find a substantial change in circumstances as a prerequisite to modification of a dispositional order"). We are persuaded these requirements were satisfied.

At the modification hearing in September 2016, the department's social worker recommended a higher level of care for the child "due to several occurrences of his mother not being able to meet his safety needs." She expressed concern that the mother was "not able to see [the child's] inability to self-protect and his [in]ability to self-regulate, and le[ft] [the child] alone." She also explained that the child had not been going to school since "approximately two and a half weeks into the school year" because of his aggressive behaviors, manifested by spitting, hitting, kicking, and cursing at staff. The social worker stated space was available at a residential facility on the Monday following the hearing and the facility "would be able to meet not only his behavioral but his academic needs."

Based on the mother's violation of the safety plan and her inability to facilitate school attendance, we conclude the purposes of the dispositional order could no longer be served and there existed a material and substantial change of circumstances warranting modification of the dispositional order. While the mother minimized her violation and insisted she could provide the care the child required, the child's behavior at school suggests otherwise.

We recognize the mother and child share a close bond. The social worker acknowledged the bond and the child told the district court he wished to stay with his mother. But the district court had to balance the bond against the child's safety. We conclude the department's commitment to facilitate visitation at the residential facility would preserve the bond while at the same time ensuring the child's well-being and academic development.

On our de novo review, we affirm the district court's modification of the dispositional order.

**AFFIRMED.**