# IN THE COURT OF APPEALS OF IOWA

No. 19-0388
Filed July 3, 2019

IN THE INTEREST OF M.D.,
Minor Child,

R.V., Father,
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

        The father appeals a dispositional order in a child-in-need-of-assistance proceeding. **AFFIRMED.**

        Magdelena Reese of Cooper, Goedicke, Reimer & Reese, P.C., Des Moines, (until withdrawal) and Cole J. Mayer of Macro & Kozlowski, LLP, West Des Moines, for appellant father.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

        Kimberly A. Graham, Indianola, attorney and guardian ad litem for minor child.

        Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MULLINS, Presiding Judge.**

The child in interest came to the attention of the Iowa Department of Human Services (DHS) when he was born prematurely in September 2018 and tested positive for methamphetamine, THC, opioids, and barbiturates. In October, the State filed a child-in-need-of-assistance (CINA) petition noting concerns for the mother's mental health, substance abuse, and prior involvement with DHS, as well as the father's history of substance abuse and criminal activity. Due to withdrawal symptoms, the child had to be hospitalized for an extended period of time. Upon the child's discharge, the mother was living at House of Mercy and the child began residing with her there. In November, the juvenile court adjudicated the child to be a CINA and ordered that the child remain with the mother, under DHS supervision, so long as she continued to reside at House of Mercy. In December, the State moved for modification of placement to the maternal grandmother, citing the mother's decision to leave House of Mercy. The father joined the State's motion but objected to placement with the maternal grandmother and instead requested placement with him or the paternal grandmother. Following a hearing, the juvenile court granted the State's motion and placed the child with the maternal grandmother, under DHS supervision, pending further hearing. The court ordered the matter to be reconsidered at the time of the subsequent dispositional hearing.

The dispositional hearing was held in February 2019. At the hearing, the State recommended that the child be returned to the mother, noting she had been living with the child and maternal grandmother and "things have continued to go well." The child's attorney and guardian ad litem joined in the State's recommendation. The father generally testified his primary concerns with the child

being placed with the mother related to her checkered past and his inability to have consistent visitation with and help raise the child.

In its dispositional order, the court ordered that the child be returned to the mother subject to DHS supervision, so long as she continues to reside with the maternal grandmother, determining such disposition to be the least restrictive alternative under the circumstances. The court based its decision on the following:

> The mother successfully completed intensive outpatient treatment on February 25, 2019. She ha[s] provided negative drug screens and continue[s] to engage in continuing care to address her substance abuse and mental health disorders. She is actively engaged in Recovery Court/Project Iowa programming. She is engaged in NA and with a parent partner and seeking a sponsor. The mother has been residing with her mother where the child has been residing, and there ha[ve] not been any safety concerns. The mother has demonstrated an ability to meet the child's needs.

The court also ordered that the father be provided additional visitation with the child and that such visits transition to semi-supervised and unsupervised upon the father's compliance with services and absent safety concerns.

The father now appeals, challenging the court's denial of his request for modification of placement and placing the child with the mother. On appeal, he requests that we place the child in his care or, alternatively, with the child's paternal grandmother. Following a dispositional hearing, "the court shall make the least restrictive disposition appropriate considering all the circumstances of the case." Iowa Code § 232.99(4) (2018).

Upon our de novo review and in consideration of the best interests of the child, *see In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017), we conclude the court's determination that placement with the mother is the least restrictive alternative is

supported by clear and convincing evidence.  *See In re S.R.A.*, 440 N.W.2d 619, 620–21 (Iowa Ct. App. 1989).  We affirm the dispositional order.

**AFFIRMED.**