**IN THE COURT OF APPEALS OF IOWA**

No. 23-2121
Filed April 24, 2024

**IN THE INTEREST OF A.G.,**
**Minor Child,**

**A.N., Mother,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Adair County, Monty Franklin, Judge.

　　A mother appeals from the modification of a dispositional order in a child-in-need-of-assistance proceeding. **AFFIRMED.**

　　Laura R. Murphy and William C. Strong of Lamberti, Murphy & Strong, PC, Ankeny, for appellant mother.

　　Brenna Bird, Attorney General, and Michelle R. Becker, Assistant Attorney General, for appellee State.

　　Dusty Lea Clements of Clements Law & Mediation, Newton, attorney and guardian ad litem for minor child.

　　Considered by Schumacher, P.J., and Ahlers and Chicchelly, JJ.

**SCHUMACHER, Presiding Judge.**

A mother appeals from a dispositional order in a child-in-need-of-assistance (CINA) proceeding. She argues there was a lack of sufficient grounds for a modification and that the court lacked authority to order a modification without a hearing.

## I.    Background Facts and Prior Proceedings

A.G., born in 2015, is the daughter of mother, A.N. The child came to the attention of the Iowa Department of Health and Human Services (HHS) in 2023 after allegations of sexual abuse of A.G. by her brother and father.[1] In March 2023, HHS issued a founded report regarding the sexual abuse of A.G. by her father. She was adjudicated CINA in June. She remained in the custody of her mother under the supervision of HHS following the disposition in September.

But in December 2023, the State filed a motion to modify the dispositional order, with an attached affidavit from the HHS social worker, which detailed that it was no longer in A.G.'s best interest to remain in her mother's custody. The worker outlined concerns including that the mother reported false information to HHS, the mother was causing A.G. anxiety, and A.G. was regressing in her therapy. The State requested that custody of A.G. be placed with HHS. A.G.'s guardian ad litem supported this modification.

The court modified the dispositional order and transferred A.G.'s custody from her mother to HHS pending a previously scheduled dispositional review

---

[1] This court affirmed the dispositional order appealed by the father in *In re B.G.*, No. 23-1533, 2024 WL 961215, at *3 (Iowa Ct. App. Mar. 6, 2024).

hearing in January 2024.[2] The mother asserts this modification was done "in secret." The mother moved to reconsider, which was denied. The mother appeals.[3]

## II. Standard of Review

"Our review of [CINA] proceedings is de novo." *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). We give weight to the district court's factual findings, but we are not bound by them. *Id.* Additionally, "our fundamental concern is the best interests of the child." *Id.*

## III. Analysis

The mother argues there were insufficient grounds to support a modification of custody and the court lacked authority to enter a modification order without a hearing and notice.

a. Grounds and Evidence for Modification

> After a dispositional hearing, the court may enter an order transferring the legal custody of the child to a parent of the child. If the court finds that custody with either of the child's parents is not in the child's best interests, the child's custody shall be transferred to the department for placement.

Iowa Code § 232.102(1) (2023).

> Custody of the child should not be transferred unless the court finds there is clear and convincing evidence of any of the following:

---

[2] There were two modification of disposition orders entered on the same day, the first authorizing placement in family foster care and the second authorizing placement in relative care after a relative placement was located. The mother appeals both orders.

[3] During the pendency of this appeal, two orders for limited remand were granted, the first on February 6, 2024, on the motion of the mother to allow a trial home placement, and the second on March 28, 2024, on the motion of the State to allow return of custody of A.G. to the mother. Neither the trial home placement nor the return of custody are before us in the current appeal.

        (1) The child cannot be protected from physical abuse without transfer of custody.

        (2) The child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance and an adequate placement is available.

*Id.* § 232.102(4).

The procedure governing the modification of a dispositional order is set forth in Iowa Code section 232.103(4):

4. The court may modify a dispositional order, vacate and substitute a dispositional order, or terminate a dispositional order and release the child if the court finds that any of the following circumstances exist:

        a. The purposes of the order have been accomplished and the child is no longer in need of supervision, care, or treatment.

        b. The purposes of the order cannot reasonably be accomplished.

        c. The efforts made to effect the purposes of the order have been unsuccessful and other options to effect the purposes of the order are not available.

        d. The purposes of the order have been sufficiently accomplished and the continuation of supervision, care, or treatment is unjustified or unwarranted.

The case manager detailed the mother's detrimental behavior and A.G.'s regression. A.G. attended therapy since February 2023 and was initially showing significant improvement. But the mother began pushing back against the therapist's recommendations. A.G. also ceased discussing her father and sibling outside the presence of the mother. After one therapeutic visit, the mother alleged the social worker pushed for visits with A.G.'s father, and A.G. had a "meltdown" and cut her hair as a result. But in a conversation with A.G.'s school counselor, it was learned A.G.'s hair had been cut the week before. And HHS indicated that visits with the father had not been discussed with A.G.

The mother also engaged in additional concerning behaviors including making a phone call to the sibling's school under a fake name claiming the sibling solicited nude photographs. The mother also posted a history of allegations against the father and sibling to social media after being instructed not to do so. The mother has been unable to regulate her emotional reactions in front of A.G., which has negatively impacted the child.

Mental injuries inflicted on children by their parents' conflicts are a concern, and it is not in the best interest of a child to be subjected to mental harm caused by his or her parents. *See In re J.S.*, No. 14-1014, 2014 WL 4938012, at *3 (Iowa Ct. App. Oct. 1, 2014). The evidence presented by the State in favor of modification demonstrates that modification was in the best interest of the child.

b. Authority to Modify Dispositional Order Pending Notice and Hearing

Iowa Code section 232.103 states that "A hearing shall be held on a motion to terminate or modify a dispositional order except that a hearing on a motion to terminate or modify an order may be waived upon agreement by all parties." The mother asserts that as no hearing was held and notice was not given to the parties, the court lacked the authority to modify the disposition.

But our supreme court has found "it is implicit in the power of the juvenile court in monitoring its prior CINA orders to temporarily, even summarily, remove a child pending a hearing on the modification." *In re R.F.*, 471 N.W.2d 821, 823 (Iowa 1991). Following this supreme court precedent, our court has affirmed this procedure. *See In re K.C.*, No. 07-1473, 2007 WL 3377788, at *1–2 (Iowa Ct. App. Nov. 15, 2007); *In re R.E.*, No. 10-1480, 2010 WL 4867960, at *1 (Iowa Ct. App. Nov. 2, 2010).

The district court ordered A.G. to be placed in the temporary custody of HHS, with that disposition to be reviewed at the previously scheduled hearing in January 2024. The court had the authority to transfer custody of A.G. and properly granted the motion to modify the disposition pending the scheduled hearing.

## IV. Conclusion

Sufficient evidence for a modification of custody exists in the record. The court properly granted the motion for a modification, transferring A.G.'s custody from her mother to HHS pending the scheduled dispositional review hearing, protecting the child from the risk of continued adjudicatory harm. *See* Iowa Code § 232.102; *R.F.*, 471 N.W.2d at 823. Modification of the dispositional order was in the child's best interest. *See In re K.N.*, 625 N.W.2d at 733. Accordingly, we affirm.

**AFFIRMED.**