# IN THE SUPREME COURT OF IOWA

No. 93 / 08–0395

Filed July 18, 2008

**IN THE INTEREST OF K.B.,**
Minor Child,

**E.A.B., Grandmother,**

　　Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

A guardian appeals a juvenile court order changing custody of her grandchild at a review hearing in a child-in-need-of-assistance proceeding. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT DECISION REVERSED AND CASE REMANDED WITH INSTRUCTIONS.**

Cheryl Fullenkamp, Davenport, for appellant.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Michael J. Walton, County Attorney, and Jay Sommers, Assistant County Attorney, for appellee State.

Patricia Rolfstad, Davenport, for mother.

Stephen Newport of Newport & Newport, P.L.C., for minor child.

**WIGGINS**, **Justice**.

The issue we must decide is whether the juvenile court had the authority to change custody of K.B. from her maternal grandmother, E.A.B., to her paternal grandparents at a scheduled review hearing of a dispositional order in a child-in-need-of-assistance proceeding. E.A.B. appealed the change of custody. We transferred the case to the court of appeals, which affirmed the district court. In its decision the court of appeals found E.A.B. consented to a modification hearing on a change of custody under Iowa Code section 232.93 (2007), based on its belief that the record supported the conclusion that all of the parties knew of the proposed change of custody in advance of the hearing.

E.A.B. requested, and we granted further review of the court of appeals decision. In CINA proceedings, we review the evidence de novo. *In re J.R.H.,* 358 N.W.2d 311, 317 (Iowa 1984). Based on our de novo review of the record, we find E.A.B. did not consent to a modification hearing on a change of custody. Therefore, we vacate the court of appeals decision and remand the case back to the juvenile court for further proceedings.

**I. Facts.**

On our de novo review we find the facts as follows. E.A.B. was the legal guardian of K.B. On May 23, 2007, the State filed a petition alleging K.B. was a child in need of assistance because she was being sexually abused by her maternal grandfather. When the State filed the petition, K.B.'s mother was incarcerated. Her father is deceased. On May 24 the court appointed a guardian ad litem for K.B. and issued an order setting a prehearing conference for June 6.

On May 29 attorney Kyle Williamson entered an appearance on behalf of E.A.B. On the same day, E.A.B. filed a consent form in which

she expressed her wish to stipulate K.B. as a child in need of assistance. On July 17 the court adjudicated K.B. as a child in need of assistance pursuant to section 232.2(6), subsections (*c*)(2) and (*d*), and set a dispositional hearing for August 27. The court ordered K.B. to remain in the custody of E.A.B. pending the dispositional hearing.

Subsequent to the dispositional hearing, the court entered an order placing K.B. with E.A.B. subject to the supervision of the department of human services. The court, in its dispositional order, set a review hearing for February 20, 2008. The court ordered the department to "submit a written report to the court on the progress of said child and placement goals and an updated case plan, both of which [were to] be filed with the court at least ten days prior to hearing."

In the fall of 2007 Williamson was appointed to a district associate judgeship. Williamson never filed a formal withdrawal as E.A.B.'s attorney. No other attorney appeared on E.A.B.'s behalf.

The department's written report, required by the court for the February 20, 2008, hearing, is dated February 17. It recommended K.B.'s custody be transferred to her paternal grandparents. A "cc" at the bottom of the report indicates the department sent a copy of the report to E.A.B. There is no certificate of service indicating how the department served E.A.B. with a copy of the report. The department did not send Williamson a copy of the report, indicating the court records must have reflected Williamson no longer represented E.A.B., despite his failure to withdraw from the case. The department filed the report with the court on February 20, the day of the review hearing.

At the hearing E.A.B. was not represented by counsel. The county attorney moved to admit the State's exhibits and the court asked each attorney individually whether he or she had an objection to the exhibits.

The court failed to ask E.A.B. if she had any objections. The court admitted the exhibits. Next the county attorney acknowledged the hearing was noticed as a review hearing, but asked the court to consider changing the custody of K.B. to her paternal grandparents. When the court asked E.A.B. about this request, she replied, "I don't agree, and I think K.B.'s been through enough, and she needs to stay home with me." Without responding to E.A.B.'s statement or allowing further evidence, the court changed custody of K.B. from E.A.B. to the paternal grandparents.

## II. Analysis.

The February 20 hearing was a review hearing held pursuant to section 232.102(9). The language of this section relevant to this appeal states:

> The court shall hold a periodic dispositional review hearing for each child in placement pursuant to this section in order to determine whether the child should be returned home, an extension of the placement should be made, a permanency hearing should be held, or a termination of the parent-child relationship proceeding should be instituted.

Iowa Code § 232.102(9). We have previously interpreted this language to give the juvenile court three alternative dispositions at a review hearing. *See In re Blackledge*, 304 N.W.2d 209, 213 (Iowa 1981) (interpreting section 232.102(6) (1979), a predecessor to section 232.102(9) that stated, "[T]he court shall hold a hearing and review the placement in order to determine whether the child should be returned home, an extension of the placement should be made, or a termination of the parent-child relationship proceeding should be instituted"). We have construed this provision of the Code narrowly as authorizing only three specific actions for the juvenile court to take at a review hearing: return the child to her home, extend the current placement, or commence

termination proceedings. *Id.* A juvenile court is not authorized to change custody at a review hearing. *In re Leehey*, 317 N.W.2d 513, 515 (Iowa Ct. App. 1982).

The Code does, however, allow a person to give the court his or her consent to proceed to hear and determine issues not contained in an application or pleading. Iowa Code § 232.93. Thus, if the court wanted to change custody of K.B. at the review hearing, E.A.B. needed to have given her consent to allow the court to consider a change in custody.

The court of appeals based its decision that E.A.B. consented to the modification hearing by finding E.A.B. received the department's report recommending a change of custody before the hearing; therefore, she knew the hearing would involve a proposed change of K.B.'s custody. E.A.B. claims she did not see this report before she attended the review hearing.

There is no evidence the report was hand delivered to E.A.B. at any time prior to the hearing. Therefore, we assume the department mailed the report to E.A.B. The report is dated Sunday, February 17. The earliest the department could have mailed the report was on Tuesday, February 19, because Monday, February 18, was Washington's Birthday (President's Day), a postal holiday. *See* 2008 Postal Holiday, http://www.usps.com/communications/newsroom/calendar/federalholi days.htm (last visited July 17, 2008). Under these circumstances we disagree with the court of appeals finding that E.A.B. saw the report before the hearing. Had the department complied with the court order requiring it to file the report ten days prior to the hearing, we would have more confidence that E.A.B. received the report prior to the hearing.

We do not believe E.A.B. received the report prior to the hearing. Thus, she was unaware of the State's position that the court was going to consider a change of K.B.'s custody at the hearing. When the county attorney moved to admit the exhibits, including the department's report, the court asked all the other participants individually whether they had any objection to the exhibits. For some unknown reason the court did not inquire whether E.A.B. had any objections. When the county attorney asked the court to conduct a modification of custody, the court did ask E.A.B her position. E.A.B. replied, *"I don't agree*, and I think K.B.'s been through enough, and she needs to stay home with me." The "I don't agree" part of her statement indicates E.A.B. did not want to proceed on that day with a hearing on the proposed change of custody. Without asking whether E.A.B. had any evidence to present, the court changed custody.

Our de novo review of the record finds no support for a finding that E.A.B. gave her consent to an adjudication of the proposed change of custody of K.B. E.A.B.'s lack of knowledge of the purpose of the hearing, her minimal participation in the proceeding, and her statement at the hearing leads us to conclude she did not consent to change the review hearing to a modification hearing. Accordingly, the juvenile court lacked the authority to change custody of K.B. to her paternal grandparents.

**III. Disposition.**

Because the juvenile court lacked the authority to proceed with a modification of custody at the review hearing, we reverse the order changing K.B.'s custody and remand this case to the juvenile court for further proceedings. Before proceeding further, the juvenile court should ensure that E.A.B.'s right to counsel, as set forth in section 232.89, is

not violated.  *See Loeffelholz v. State,* 162 N.W.2d 415, 426–27 (Iowa 1968) (discussing a person's statutory right to counsel).

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT DECISION REVERSED AND CASE REMANDED WITH INSTRUCTIONS.**

All justices concur except Baker, J., who takes no part.