# IN THE COURT OF APPEALS OF IOWA

No. 13-0821
Filed August 27, 2014

**IN THE INTEREST OF I.M.,**
**Minor Child,**

**I.M., Mother,**
Appellant,

**C.M., Grandmother,**
Appellant.
_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A mother appeals from the order terminating her parental rights. The maternal grandmother, as intervenor, appeals from the disposition order and the order terminating parental rights. **AFFIRMED.**

Jane M. White of Jane M. White Law Office, Des Moines, for appellant-mother.

Jessica J. Chandler of Chandler Law Offices, Windsor Heights, for appellant-grandmother.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, John P. Sarcone, County Attorney, Christine Gonzalez, Assistant County Attorney, for appellee.

Michael Sorci of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**DANILSON, C.J.**

The mother appeals from the juvenile court order terminating her parental rights to her child, I.M.[1]  The maternal grandmother, as intervenor, appeals from the juvenile court's termination order as well as the disposition order.  Because the grandmother did not provide us with a transcript of the entire disposition proceedings, we are unable to review the juvenile court's decision, and we affirm the placement of the child.  Because the mother does not contest the juvenile court's ruling there is clear and convincing evidence that grounds for termination exist under Iowa Code sections 232.116(1)(d), (e), and (g) (2013), we affirm the termination of her parental rights.

**I. Standard of Review.**

Our review of an action arising from child-in-need-of-assistance proceedings is de novo.  *In re K.B.*, 753 N.W.2d 14, 14 (Iowa 2008).

Our review of termination decisions is de novo.  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them.  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).  An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116.  *Id.*

**II. Grandmother's Appeal.**

The grandmother appeals from the court's disposition order and the order terminating the mother's parental rights.  She contends the district court's refusal

---

[1] The father's parental rights were also terminated.  He does not appeal.

to modify placement is contrary to a relative placement preference and is not in the child's best interests.

Insofar as the grandmother's appeal involves the district court's disposition order finding placement of I.M. in her care was not in the child's best interests, the grandmother's failure to provide us with a transcript of the entire disposition proceedings constitutes waiver of the issue. *See* Iowa R. App. P. 6.803(1) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion."); *see also In re F.W.S.*, 698 N.W.2d 134, 135–36 (Iowa 2005) ("Without the benefit of a full record of the lower court's proceedings, it is improvident for us to exercise appellate review. . . . [The appellant's] failure to comply with rule [6.803(1)] precludes [her] from seeking relief on appeal.").[2] Additionally, to the extent the grandmother's appeal is based on the termination proceedings and the resulting order, the grandmother does not have standing to appeal the termination of the mother's parental rights, and neither the termination proceedings nor order contemplate the specific placement of I.M.[3]

**III. Mother's Appeal.**

The mother raises four issues on appeal. She contends (1) the juvenile court erred by refusing to place I.M. in I.M.'s grandmother's custody because the

---

[2] The disposition hearing was held over five days: August 27, October 11, November 16, November 30, and December 27, 2012. The record only contains transcripts for the proceedings held on November 16, 2012.
[3] The order terminating the mother's parental rights states, "It is further ordered the child shall continue in the custody of the Department of Humans Services for pre-adoptive foster care [and] . . . shall be placed in guardianship of the Iowa Department of Human Services which shall actively promote her adoption."

grandmother is a relative entitled to preferential treatment pursuant to section 232.102, (2) the juvenile court erred by refusing to grant sibling visitation, pursuant to section 232.108, (3) the court erred by allowing the State to enter criminal files of a third party into evidence, and (4) the court erred in finding reasonable efforts had been made pursuant to section 232.102(10).

The mother's first and second claims are waived, as they depend on the juvenile court's ruling in the disposition proceedings. Per her filed notice, the mother appeals from only the juvenile court's termination order. Alternatively, as we have not been provided the transcripts of the entire disposition hearing, we are unable to review the proceedings for the alleged errors. *See* Iowa R. App. P. 6.803(1); *see also F.W.S.*, 698 N.W.2d at 135–36.

Although the mother contends the district court erred by admitting improper evidence at the termination hearing, she does not contest the court's ruling there is clear and convincing evidence that grounds for termination exist under sections 232.116(1)(d), (e), and (g). Thus, even if the court's admission of the third party's criminal history was improper, any such alleged error was harmless.

The mother also claims the court erred in finding reasonable efforts had been made, pursuant to section 232.102(10), because the court repeatedly denied both the mother's and the grandmother's requests for sibling visitation. Section 232.102(10)(a) defines reasonable efforts as:

> The efforts made to preserve and unify a family prior to the out-of-home placement of a child in foster care or to eliminate the need for removal of the child or make it possible for the child to safely return to the family's home. Reasonable efforts shall include but are not

> limited to giving consideration, if appropriate, to interstate placement of a child in the permanency planning decisions involving the child and giving consideration to in-state and out-of-state placement options at a permanency hearing and when using concurrent planning. If returning the child to the family's home is not appropriate or not possible, reasonable efforts shall include the efforts made in a timely manner to finalize a permanency plan for the child. A child's health and safety shall be the paramount concern in making reasonable efforts. Reasonable efforts may include but are not limited to family-centered services, if the child's safety in the home can be maintained during the time the services are provided.

The mother has not explained how sibling visitation would have aided in "eliminat[ing] the need for removal of the child or mak[ing] it possible for the child to safely return to the family's home." We will not speculate on the arguments an appellant might have made and then search for legal authority and comb the record for facts to support such arguments. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996). Furthermore, the mother did not raise the argument before the district court, so we consider it waived. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

**IV. Conclusion.**

We affirm the juvenile court's placement of the child and the order terminating the mother's parental rights pursuant to Iowa Code sections 232.116(1)(d), (e), and (g).

**AFFIRMED.**