**IN THE COURT OF APPEALS OF IOWA**

No. 16-1595
Filed November 23, 2016

**IN THE INTEREST OF A.B.,**
**Minor Child,**

**C.W., Mother,**
　　　Appellee,

**MARK NEARY,**
　　　Guardian ad litem-Appellant.

_____

　　　Appeal from the Iowa District Court for Muscatine County, Thomas G.

Reidel, Judge.


　　　A guardian ad litem appeals the juvenile court's refusal to waive the

reasonable-efforts requirement in a child-in-need-of-assistance dispositional

order.　**AFFIRMED.**


　　　Lei Bei of Nidey, Erdahl, Tindal & Fisher, P.L.C., Cedar Rapids, for

appellee mother.

　　　Mark J. Neary, Muscatine, guardian ad litem for minor child.


　　　Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**TABOR, Judge.**

A guardian ad litem (GAL) appeals the juvenile court's denial of his motion to waive the State's obligation to make reasonable efforts to return infant A.B. to her parents' care. Because the record does not contain clear and convincing evidence of aggravated circumstances under Iowa Code section 232.102(12)(c) (2015), we affirm the juvenile court's dispositional order.[1]

Before addressing the waiver-of-reasonable-efforts issue, we pause to chronicle the appellate proceedings. The GAL originally sought interlocutory review of the juvenile court's denial of his motion to waive reasonable efforts and then filed a petition on appeal from the dispositional order. The mother filed a resistance and cros-appeal. Our supreme court determined the dispositional order was a final appealable order and treated the mother's cross-appeal as a notice of appeal. After reviewing the mother's petition on appeal, we find she should be designated as the appellee.[2] Accordingly, we have changed the case caption to reflect the true positions of the parties.[3]

A brief factual background will help frame our discussion of the reasonable-efforts issue. A.B.'s mother and father have a long history of using illegal drugs, including methamphetamine and marijuana. This substance-abuse

---

[1] We perform a de novo review of dispositional orders in child-in-need-of-assistance (CINA) cases. *In re K.B.*, 753 N.W.2d 14, 15 (Iowa 2008).

[2] The mother defends the court's denial of the waiver motion but contests the court's decision to take judicial notice of prior termination-of-parental-rights cases involving other children from this family. Because any error by the juvenile court in taking judicial notice would not result in reversal, it was not necessary for the mother to appeal or cross-appeal. *See Johnston Equip. Corp. of Iowa v. Indus. Indem.*, 489 N.W.2d 13, 16 (Iowa 1992) (explaining "a party need not, in fact cannot, appeal from a favorable ruling").

[3] In the juvenile court, the State joined the GAL in requesting waiver of the reasonable-efforts requirement. The State did not file a notice of appeal and does not advance an argument here.

history continued through A.B.'s birth in July 2016, when she tested positive for tetrahydrocannabinol (THC), the active component of marijuana. The Iowa Department of Human Services (DHS) removed A.B. from her parents' care before she went home from the hospital, and she has been in foster care since that time.

These parents experienced a very similar removal of their son, I.B., who also tested positive for drugs at his birth in July 2015. After the parents failed to address their addictions, the court terminated the mother's parental relationship with I.B. in January 2016 and terminated the father's relationship with I.B. in February 2016. The mother also had her rights to two older children terminated in September 2015.

Citing the parents' troubled histories, in September 2016, the GAL filed a motion to waive reasonable efforts, relying on section 232.102(12)(c). That section provides:

> If the court determines by clear and convincing evidence that aggravated circumstances exist, with written findings of fact based upon evidence in the record, the court may waive the requirement for making reasonable efforts. The existence of aggravated circumstances is indicated by any of the following:
> . . . .
> c. The parent's parental rights have been terminated under section 232.116 . . . with respect to another child who is a member of the same family, and there is clear and convincing evidence to show that the offer or receipt of services would not be likely within a reasonable period of time to correct the conditions which led to the child's removal.

Iowa Code § 232.102(12)(c). The GAL urged "it is in the child's best interests to have the Court waive reasonable efforts by the [DHS] so the case can proceed

towards termination of the parental rights of both parents to [A.B.] in a timely manner so she can be adopted by an appropriate home as soon as possible."

The juvenile court considered the motion to waive reasonable efforts at a dispositional hearing on September 15, 2016. The only witness was DHS worker Deb Schwitzer, who had worked with the mother both in the previous termination cases and after A.B.'s removal. Schwitzer testified the mother was not far along in her drug treatment program and only recently signed a release so the DHS could obtain information about her progress. But Schwitzer did confirm the mother had not tested positive for methamphetamine during the current case and did have stable housing suitable for A.B. The mother's attorney told the court the treatment provider recommended the mother go into "inpatient treatment at the Heart of Iowa, with the child present." The attorney continued: "There is no drug use there. . . . [T]he child is right now two months old, and bonding with the mother would be very beneficial at this time, and it's an optimal location, according to [the mother's] addiction counselor."

Also at the September hearing, the mother's attorney objected to portions of the GAL report referring to past termination proceedings. The attorney—who had not represented the mother in those cases—asserted: "I have no access to those records, and I would ask that the Court strike those portions of any GAL reports that refer[] to those previous terminations." The mother's attorney also objected to the court taking judicial notice of the other termination files, arguing he "never had a chance to review any of these files." The court overruled the

mother's objection, finding the earlier termination files relevant to the State's burden to show aggravated circumstances under section 232.102(12)(c).[4]

Turning to the substantive question of waiving reasonable efforts, the juvenile court continued:

> The Court has taken judicial notice of the termination files related to the other children of the parents. The Court has also listened to the recommendation of Deb Schwitzer from the [DHS] that reasonable efforts should be waived and the reasons for said recommendation. The Court has also considered the actions of [the mother] in walking out of the hearing on this issue. The Court has balanced these factors with the fact that [the mother] is involved in substance abuse treatment, has stable housing that is appropriate for the child (visits or residence), and has been consistent in attending her visits. . . . DHS reports that when [the parents] are at visits, they are both interactive with [A.B.] and attend to her needs. The Court finds that the motion to waive reasonable efforts shall be denied.

The GAL criticizes the juvenile court's "limited reasons" for denying the motion to waive reasonable efforts. The GAL further claims the court, in declining to find aggravating circumstances, did not consider the history of domestic violence between the parents, the mother's anger issues, or that the mother's current treatment provider was recommending a long-term inpatient program.

---

[4] The mother renews her objection on appeal, contending "the use of judicial notice in this circumstance is problematic" because the prior termination files, which are confidential, were not introduced as exhibits or made part of the record. *Cf. In re Adkins*, 298 N.W.2d 273, 277–78 (Iowa 1980) (holding courts considering termination petitions may take judicial notice of the underlying CINA cases because those proceedings are "interdependent and interwoven," but even in that situation, directing courts to follow safeguards to ensure parts of the file judicially noticed are "marked, identified, and made a part of the record"). The mother argues because her attorney had no chance to review those files, his ability to effectively cross-examine the State's witness about the earlier cases was limited. While the mother flags an important issue concerning judicial notice, we need not reach it here because it has no bearing on the outcome of this appeal.

The concept of aggravated circumstances suggests "certain types of parental behavior" may justify eliminating the reasonable-efforts requirement. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000); *see also, e.g.*, *In re Q.A.S.*, No. 13-1182, 2013 WL 5229746, at *3 (Iowa Ct. App. Sept. 18, 2013) (noting "behavior of the parents shows a continuing pattern of unamenability to services, lack of follow through in the important areas of drug treatment and mental health treatment, and a continuing dysfunctional relationship that prevents them from focusing on their child while they seek to fulfill each other's needs"); *In re T.G.*, No. 12-1405, 2012 WL 5356135, at *3 (Iowa Ct. App. Oct. 31, 2012) (explaining court waived reasonable efforts after father accused of sexual abuse refused to admit responsibility and failed to follow through with offered services); *In re C.I.W.-V.*, No. 03-0681, 2003 WL 22091631, at *1 (Iowa Ct. App. Sept. 10, 2003) (recounting mother was resistant to and uncooperative with services offered and was verbally aggressive and belligerent toward service providers).

Like the juvenile court, we find the record lacks clear and convincing evidence the mother—even if provided services—would be unable to correct the conditions which led to A.B.'s removal within a reasonable time. The clear-and-convincing-evidence standard is less burdensome than proof beyond a reasonable doubt but more burdensome than a preponderance of the evidence; it means "there must be no serious or substantial doubt about the correctness of a particular conclusion drawn from the evidence." *In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013). Here, the DHS worker testified the mother was cooperating with services and engaging in substance-abuse treatment, though the worker harbored concerns about the mother's "ability to be successful this time." The

worker acknowledged the mother, who had previously struggled with an addiction to methamphetamine, had been submitting urinalysis results and had not tested positive for methamphetamine during this case. The worker also testified the mother had safe housing. When considered in its entirety, the worker's testimony did not constitute clear and convincing proof of aggravated circumstances to justify the court waiving the reasonable-efforts requirement. Accordingly, we affirm the juvenile court's order.

**AFFIRMED.**