# IN THE COURT OF APPEALS OF IOWA

No. 16-2209
Filed May 17, 2017

**IN THE INTEREST OF O.H. and P.H.,**
**Minor Children,**

**T.H., Father,**
    Appellant.
_____


Appeal from the Iowa District Court for Polk County, Susan C. Cox, District Associate Judge.


The father appeals a dispositional order in a child-in-need-of-assistance proceeding that denied him visitation with his two minor children.  **AFFIRMED.**


Thomas A. Hurd of Law Office of Thomas Hurd P.L.C., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kristi A. Traynor, Assistant Attorney General, for appellee State.

Karl Wolle of Juvenile Defender Office, Des Moines, guardian ad litem for minor children.


Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Thomas Harlow appeals the child-in-need-of-assistance (CINA) dispositional order that denied him visitation with his two minor children. He claims there are sufficient safeguards to protect the children during visitation and the no-contact order that resulted from his charge for committing sexual abuse in the second degree is unconstitutional. Because the order is in the children's best interests, we affirm.

**I. Background Facts and Proceedings.**

On October 1, 2016, the Iowa Department of Human Services (DHS) removed O.H. and P.H. after the father and P.H.'s mother were arrested following allegations they sexually abused the mother's other child, T.W.,[1] while he was visiting the mother's home. According to police reports, the father forced the mother and child to perform oral and vaginal sex while the father watched. The reports also allege that O.H. witnessed the incident and P.H. was in another room. During the criminal proceedings, the court entered a no-contact order prohibiting the father from contacting "any person under the age of eighteen."

On October 4, 2016, the State filed a CINA petition that alleged O.H. and P.H. to children in need of assistance. In its October 11 order following the subsequent removal hearing, the court confirmed removal and placed the children under the care of their paternal grandparents. The court ordered the mother and father to participate in "all available jail programming" along with

---

[1] O.H. is the father's child from a previous relationship. O.H.'s mother is not involved with the proceedings and did not appear for any hearings, and it is alleged she is incarcerated out of state. P.H.'s mother is not a party to this appeal. T.W. is under the primary physical care of his father, who is also not a party to this appeal.

other services offered by DHS. On November 16, 2016, the court adjudicated O.H. and P.H. as children in need of assistance. The court also found the paternal grandparents did not provide proper care and placed temporary legal custody of O.H. with her maternal grandparents. Temporary legal custody of P.H. was placed with her maternal aunt and uncle.

On December 7, the court held a dispositional hearing. At the time of the hearing, the father was incarcerated. The father requested in-person visitation with his children, or in the alternative, video visitation. In its order, the court confirmed O.H. and P.H. were children in need of assistance. The court also denied the father's request for visitation. The court explained:

> The father's request for visits with the children is denied. Any contact with children is prohibited by the criminal no contact order. The court further finds it is not in the children's best interests. [The father] has not received sex offender treatment. Furthermore, the court finds one of the children was present during the sexual abuse of their half sibling.

The father appeals the dispositional order denying visitation.

## II. Standard of Review.

Our review of an action arising from child-in-need-of-assistance proceedings is de novo. *In re K.B.*, 753 N.W.2d 14, 14 (Iowa 2008). While we are not bound by the juvenile court's factual findings, we give them weight, especially when considering the credibility of witnesses. *See In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). "The most important consideration in any CINA case is the best interests of the child." *In re D.D.*, 653 N.W.2d 359, 362 (Iowa 2002).

**III. Discussion.**

The father argues the no-contact order referenced in the juvenile court's denial of visitation is unconstitutional. The no-contact order was entered on October 2, 2016, in a separate criminal action. The father did not appeal from the entry of the October no-contact order; he cannot piggy-back his complaint about the no-contact order on this appeal of the dispositional order.[2] *See Croak v. Gateway Transp. Co.*, 209 N.W.2d 39, 41 (Iowa 1973) (quoting *Reimers v. McElree*, 28 N.W.2d 569, 571 (Iowa 1947) (holding an impermissible collateral attack is "an attack made by or in an action or proceeding that has an independent purpose other than the impeaching or overturning of the judgment, although impeaching or overturning the judgment may be necessary to the success of the action")); *Peterson v. Eitzen*, 173 N.W.2d 848, 850 (Iowa 1970) (holding the defendant's attack on a nunc pro tunc order that dismissed the plaintiff's prior action without prejudice was an impermissible collateral attack and affirming the trial court's treatment of the order as a verity). Nor did the father raise any constitutional issues during the dispositional hearing. *See State v. Krogmann*, 804 N.W.2d 518, 523 (Iowa 2011) (explaining that where a party does not raise constitutional arguments to the district court, those arguments are not preserved for appeal). The father has not preserved error on the constitutionality of the October 2, 2016 no-contact order.

The father next claims the district court's denial of visitation with O.H. and P.H. is not in the children's best interests because there are safeguards available

---

[2] The father has not requested a modification of the no-contact order to allow for visits with the children.

during visitation to protect the children, namely video visitation and the presence of family safety, risk, and permanency workers. The father misses the point. Protection of the children from physical harm by the father is only part of the concern for the children. During a CINA proceeding, the State is required to "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child." Iowa Code § 232.102 (7) (2016); *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). "The focus is on services to improve parenting. However, it also includes visitation designed to facilitate reunification while providing adequate protection for the child." *C.B.*, 611 N.W.2d at 493. "[W]hat constitutes reasonable services varies based upon the requirements of each individual case." *In re C.H.*, 652 N.W.2d 144, 147 (Iowa 2002).

Visitation between a parent and child is an important ingredient to the goal of reunification. *See In re S.W.*, 469 N.W.2d 278, 280–81 (Iowa Ct. App. 1991). However, the children's best interests always control the nature and extent of visitation. *See In re Augustus*, 158 N.W.2d 625, 629 (Iowa 1968) (holding best-interest standard is the governing consideration in determining temporary custody). This standard may warrant restricted parental visitation. *See In re C.G.*, 444 N.W.2d 518, 520 (Iowa Ct. App. 1989); *see also In re L.H.B.*, No. 14-0444, 2014 WL 2600323, at *1, *3 (Iowa Ct. App. 2014) (finding DHS restricted visitation in CINA proceedings because the parents were unable to handle the children's behavior and discussed inappropriate topics during visitation). While we note the father was not convicted of the alleged crime as of the hearing date, in the context of visitation rights in a child custody proceedings, "an individual

who is a parent of a minor child and who has been convicted of a sex offense against a minor as defined in section 692A.101, is not entitled to visitation rights while incarcerated." Iowa Code § 598.41A(2).

After reviewing the record before us, we find it is in the best interests of the children to deny visitation by the father. The father is incarcerated pending a charge of sexual abuse in the second degree against the mother's young son. The father allegedly forced O.H. to witness the mother sexually abuse her son and the children's half-sibling. Moreover, the father has yet to address the issues that led to the CINA action. *See In re B.A.*, No. 00-1050, 2001 WL 427610, at *2, *4 (Iowa Ct. App. Apr. 27, 2001) (affirming termination where district court placed restrictions on visitation "until such time as the parents have entered into individual therapy and made substantial progress in dealing with the issues of abuse and neglect of the children"); *see also In re G.A.*, 826 N.W.2d 125, 129 (Iowa Ct. App. 2012) ("The father must take personal responsibility for his own wrongful and criminal acts, and cannot use such acts as a justification for his lack of relationship with the child."). We agree with the district court; it is in the children's best interests to deny visitation.

**AFFIRMED.**