# IN THE COURT OF APPEALS OF IOWA

No. 17-1920
Filed January 24, 2018

**IN THE INTEREST OF A.M.,**
**Minor Child,**

**D.M., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.

    A mother appeals the adjudication of her teenaged daughter as a child in need of assistance.  **AFFIRMED.**

    Daniela Matasovic of Matasovic Law Firm, Ames, for appellant mother.

    Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

    Shannon M. Leighty of the Public Defender Office, Nevada, guardian ad litem for minor child.

    Considered by Vogel, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

A mother, Deborah, challenges the juvenile court's finding that her seventeen-year-old daughter,[1] A.M., is a child in need of assistance (CINA). Deborah admits striking A.M. but attributes the physical conflict to A.M.'s rebellious attitude and argues the one-time incident does not merit involvement of the Iowa Department of Human Services (DHS) with their family. Because the juvenile court's adjudication and disposition are supported by clear and convincing evidence, we affirm.[2]

In August 2017, a child protective assessment investigator came to A.M.'s home to investigate an allegation that Deborah punched A.M. in the arm. Deborah acknowledged hitting her daughter in frustration over her defiant behavior. Both Deborah and A.M. described a badly strained mother-daughter relationship. The investigator noted A.M.'s four-to-five inch bruise, fading but still visible more than one week after the contact. The investigator observed A.M. was "incredibly thin with almost no fat on her body" and "extremely pale." Deborah told the investigator A.M. "refused to eat" and complained about stomach issues. According to medical records, A.M. was diagnosed in 2012 with failure to thrive but had not been diagnosed with an eating disorder. The investigator did not conclude Deborah was

---

[1] Deborah is A.M.'s biological grandmother but adopted A.M. when she was an infant.

[2] Our review of dispositional orders in CINA cases is de novo. *In re K.B.,* 753 N.W.2d 14, 15 (Iowa 2008). Although we are not bound by the factual findings of the juvenile court, we give them weight. *In re J.S.,* 846 N.W.2d 36, 40 (Iowa 2014). Our primary concern is the child's best interest. *Id.* The State's evidence must be clear and convincing to support the CINA determination. Iowa Code § 232.96(2). The State meets that standard when there are no serious or significant doubts as to the correctness of conclusions of law drawn from the evidence. *In re D.W.,* 791 N.W.2d 703, 706 (Iowa 2010).

withholding food from A.M.  But the investigator decided the allegation of physical abuse was founded.

The State filed a CINA petition on August 28, 2017, citing Iowa Code section 232.2(6)(b), (c)(2), and (g) (2017).  The juvenile court held an adjudication hearing in late October, hearing testimony from A.M.'s mother, father, and older sister, as well as two family friends and the DHS social worker. On October 30, 2017, the juvenile court issued an adjudication order, finding clear and convincing evidence to support the State's allegations under section 232.2(6)(b) and (c)(2).   The juvenile court found the family needed aid from the DHS, opining:

> [A.M.'s] family did recognize the discordant and dysfunctional family relationships for a significant period of time before the Iowa DHS child abuse assessment investigation was commenced, but failed to take any action until after they had DHS contact.  [Deborah] claims to have undertaken significant research to improve her parenting that was unsuccessful and ultimately led to the perpetration of physical abuse against [A.M.].  This further suggests the need for a higher level of oversight and the provision of services under the auspices of the court's authority to professionally service the child's and family's needs.

In a November 15, 2017 report, the DHS recommended A.M. and her parents engage in individual and family counseling.  Six days later, the juvenile court held a hearing and entered a dispositional order, continuing the CINA adjudication and requiring the parties to participate in the recommended mental-health treatment and counseling.  The court also accepted the State's recommendation that the case automatically close on January 31, 2018.  The court noted the limited scope and duration of the recommended services did not mean A.M. and her family could not benefit from the help.   Deborah appeals the CINA adjudication and dispositional orders.

On appeal, Deborah challenges the statutory basis for the CINA finding. Under state law, a child in need of assistance means "an unmarried child . . . [w]hose parent . . . has physically abused or neglected the child, or is imminently likely to abuse or neglect the child." Iowa Code § 232.2(6)(b). The definition also includes a child "who has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent . . . to exercise a reasonable degree of care in supervising the child." Iowa Code § 232.2(6)(c)(2).

Deborah argues the "one-time incident" did not rise to the level of "physical abuse" under subsection (6)(b) because her intent as a mother was to discipline and provide structure for A.M. Deborah asserts A.M. "provoked" the incident by being verbally abusive. But Deborah also asserts she was immediately remorseful after hitting her daughter. As for subparagraph (6)(c)(2), Deborah contends the State offered no evidence to show a lack of supervision or a failure to provide A.M. with food, clothing, shelter, medical attention, and educational opportunities.

In claiming she did not engage in child abuse, Deborah urges two points. First, she claims her physical confrontation with A.M. was not abuse because it was isolated and minor; Deborah characterizes the contact as a "nudge" that resulted in "a faint bruise." Second, she invokes a parental "right" to educate her child by engaging in corporal punishment.

In Iowa, "a parent may only inflict such punishment as is reasonable under the facts and circumstances." *State v. Arnold*, 543 N.W.2d 600, 604 (Iowa 1996) (rejecting father's corporal-punishment defense to a child-endangerment prosecution where his belt strikes to daughter's buttocks left bruising). Although the jury in *Arnold* could have found the child was "willfully disobedient and in need

of discipline," the evidence also supported a determination the parent's manner of discipline was "unduly severe and harsh." *Id.*

Here, the State offered clear and convincing evidence that Deborah's punishment of A.M. was not reasonable under the circumstances and constituted physical abuse. Contrary to her argument on appeal, Deborah was not "appropriately disciplining" A.M. when the bruising occurred. Deborah acknowledged hitting A.M. out of frustration, and her attorney told the juvenile court that Deborah "immediately realized what she did was wrong."[3] Because we find adequate support for the juvenile court's CINA adjudication order under subsection (6)(b), we need not address the alternative ground at section (6)(c)(2). *Cf. In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (holding appellate court may affirm juvenile court's termination order on any ground supported by clear and convincing evidence).

Deborah raises a second issued on appeal, contending the juvenile court should not have continued the CINA adjudication after the November 2017 disposition hearing. She contends A.M. no longer needs aid from the juvenile court because the family has enrolled in therapy. As the juvenile court noted, the family likely would not have pursued professional counseling but for the intervention of the child welfare system. Deborah's self-help parenting measures were not working to ease the troubled relationship with A.M. We agree with the juvenile

---

[3] The American Academy of Pediatrics has opined that forms of physical punishment, including "striking a child with such intensity that marks lasting for more than a few minutes occur" and "physical punishment delivered in anger with intent to cause pain" are unacceptable, may be "dangerous to the health and well-being of the child," and should never be used. American Academy of Pediatrics Committee on Psychosocial Aspects of Child and Family Health, *Guidance for Effective Discipline*, 101 Pediatrics 723, 726 (April 1998).

court's decision to continue overseeing this CINA case on a short-term basis to ensure positive progress in the home.

**AFFIRMED.**