# IN THE COURT OF APPEALS OF IOWA

No. 20-0334
Filed April 15, 2020

**IN THE INTEREST OF D.T.,**
**Minor Child,**

**A.H., Mother,**
　　　　Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

A mother appeals the adjudication of her child as in need of assistance.
**AFFIRMED.**

Nina Forcier of Forcier Law Office PLLC, Waterloo, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Melissa Anderson-Seeber of the Juvenile Public Defender's Office, Waterloo, attorney and guardian ad litem for minor child.

Considered by May, P.J., Ahlers, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VOGEL, Senior Judge.**

In September 2019, shortly after D.T. was born, she was removed from her mother's care and placed with her maternal grandmother. The mother had been receiving services from the Iowa Department of Human Services (DHS) since May 2018 because of severe and permanent injuries inflicted upon her then-infant son, allegedly by the mother's boyfriend. Because the mother had not been honest with DHS concerning her pregnancy with D.T. and her continued relationship with the boyfriend, D.T. was considered to be in imminent danger. A temporary removal hearing was held, followed by a contested adjudicatory hearing. By order dated December 9, D.T. was adjudicated a child in need of assistance (CINA) under Iowa Code section 232.2(6)(c)(2) (2019). The mother participated in services offered for reunification.

Following a January 17, 2020 dispositional hearing, the court continued D.T.'s out-of-home placement while ordering continued services for the parents and establishment of a plan to potentially transfer the child to the father's home.[1] The mother appeals.

We review CINA proceedings de novo. *In re K.B.*, 753 N.W.2d 14, 15 (Iowa 2008). Based on the mother's inability to be truthful with DHS workers, along with her unresolved mental-health concerns, the juvenile court found in the dispositional order: "It is contrary to the welfare of the minor child to be returned to the home of her mother at this time. . . . [She] must be honest with the Department and gain credibility in the hopes of potentially returning custody of [D.T.] to her." The court

---

[1] The father was identified in December 2019 after submitting to genetic testing. He does not appeal.

filed the dispositional order on February 7 and set a review hearing less than two weeks hence, on February 20. The mother's appeal only concerns the February 7 order, and anything that has occurred since that hearing is outside of this record. *See* Iowa R. App. P. 6.204(1) (stating the record in a CINA appeal includes the CINA court file and transcripts of any "hearings resulting in the order from which an appeal has been taken")

After our de novo review of the CINA record, including the testimony from the September 30, 2019 removal hearing, the November 15 adjudicatory hearing, and the January 17, 2020 dispositional hearing, we agree with the juvenile court's findings that clear and convincing evidence supports the adjudication of D.T. as CINA and the continued adjudication and findings as stated in the February 7, 2020 dispositional order. We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**