# IN THE COURT OF APPEALS OF IOWA

No. 23-0754
Filed August 9, 2023

**IN THE INTEREST OF E.O.,**
**Minor Child,**

**L.O., Mother,**
 **Appellant,**

**E.O., Minor Child,**
 **Appellant.**
_____

Appeal from the Iowa District Court for O'Brien County, Shawna L. Ditsworth, District Associate Judge.

A mother and child each appeal the juvenile court's permanency order directing the establishment of a guardianship for the child. **AFFIRMED ON BOTH APPEALS.**

Kevin J. Huyser, Orange City, for appellant mother.

Debra S. De Jong, Orange City, for appellant minor child.

Brenna Bird, Attorney General, and Mary A. Triick (until withdrawal) and Mackenzie Moran, Assistant Attorneys General, for appellee State.

Tisha M. Halverson, of Klay, Veldhuizen, Bindner, De Jong & Halverson, P.L.C., Paullina, guardian ad litem for minor child.

Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**AHLERS, Judge.**

Before us is the second appeal in this child-in-need-of-assistance (CINA) proceeding. *See generally In re E.O.*, No. 22-1193, 2022 WL 4361728 (Iowa Ct. App. Sept. 21, 2022). This time, the mother and child appeal a permanency order that provides the "permanency goal for [the child] shall be to transfer guardianship and custody of the child to another suitable person."[1] Both the child and mother challenge the juvenile court's determination that the child could not be safely returned to the mother's custody. Alternatively, the mother seeks additional time to work toward reunification.

We review CINA proceedings de novo. *In re K.B.*, 753 N.W.2d 14, 15 (Iowa 2008). Though not bound by them, we give weight to the factual findings of the juvenile court. *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). At a permanency hearing, the State's burden to show that a guardianship should be established rather than returning a child to a parent's custody is by convincing evidence, not clear and convincing evidence. *See* Iowa Code § 232.104(4); *In re A.D.*, 489 N.W.2d 50, 52 (Iowa Ct. App. 1992) ("The State on a permanency hearing needs only show the children cannot be returned by convincing evidence, not by both clear and convincing evidence."). Reunification is an important part of CINA proceedings, but our primary concern is the best interests of the child. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000).

---

[1] The permanency order directed the county attorney to institute a termination-of-parental-rights proceeding with respect to this child's sibling. No party challenges that portion of the permanency order.

We first address the mother and child's claims that the child could have been safely returned to the mother's custody. The child and his siblings[2] were removed from the mother's custody due to the mother's "neglect and physical and emotional abuse of the children." *E.O.*, 2022 WL 4361728, at *1. Specifically,

> [t]he children reported [the mother] beating them with a paddle and locking them in the basement without food or water. Once while isolated in the basement, [one of the adopted children] recalled having an accident because she was too afraid to ask permission to use the bathroom; as punishment, [the mother] forced the child to 'lick up her own urine' in front of her siblings.

*Id.* When another child ingested pills in an attempted suicide, the mother did not take her to the doctor, and the child eventually contacted emergency services herself. The children also explained that they had not been truthful during past investigations of the family because the mother threatened to hurt them if they did not say what she wanted said.

The mother continues not to accept responsibility for her past conduct and denies any abuse ever occurred. The child now denies the abuse and attempts to disavow his prior statements by claiming one of his siblings coached the others, including him, on what to say. But the juvenile court noted it is apparent that the child's recollection of the abuse has been impacted by the passage of time following removal. After reviewing the whole record, we do not view the child's about-face as credible. We understand the child strongly desires reunification with the mother. We believe that desire either serves as his primary motivation for

---

[2] The child has one biological sibling and three adoptive siblings; however, the child is the only child at issue in this appeal.

changing his story or has unknowingly impacted his perception of past events.[3]

Because we credit the claims of abuse, we think it is critical that the mother take accountability for her past conduct to ensure it will not occur in the future. *In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999) ("The requirement that a parent acknowledge and recognize abuse is essential for any meaningful change to occur."). We previously recognized the mother's "lack of progress in accepting responsibility for her abuse of the children and their resulting trauma" was a justifiable basis for requiring visitation between the mother and child to remain fully supervised. *E.O.*, 2022 WL 4361728, at *2. The mother has not progressed since that time. As such, the risk of harm to the child remains should he be returned to the mother's care. We agree with the juvenile court's determination that the child could not be safely returned to the mother's custody.

Finally, we address the mother's contention that the juvenile court should have given her more time to work toward reunification. Following a permanency hearing, Iowa Code section 232.104(2)(b) permits the court to enter an order to "continue placement of the child for an additional six months at which time the court shall hold a hearing to consider modification of its permanency order." That order must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). Again, the mother's refusal to acknowledge her abuse of the children and its lasting impact remains a significant

---

[3] Another child reported that the child at issue "was rarely punished" and the mother's abuse focused on primarily two of the adopted children.

barrier to safe reunification. And the mother is steadfast in her refusal to make such acknowledgement. We have no reason to anticipate a change in her position within the next six months. As such, the need for removal would not be abated if the mother was given additional time to work toward reunification. We do not grant her additional time to work toward reunification.

**AFFIRMED ON BOTH APPEALS.**