**IN THE COURT OF APPEALS OF IOWA**

No. 24-0562
Filed July 3, 2024

**IN THE INTEREST OF D.G. and D.G.,**
**Minor Children,**

**C.G., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Keokuk County, Patrick McAvan, Judge.

A mother appeals from permanency orders relating to two of her children. **AFFIRMED.**

Cynthia D. Hucks of Box and Box Attorneys, Ottumwa, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Denise M. Gonyea of McKelvie Law Office, Grinnell, attorney and guardian ad litem for minor children.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**AHLERS, Presiding Judge.**

Two children are at the center of these proceedings. The Iowa Department of Health and Human Services became involved with their family following reports that their father sexually abused their sibling.[1] The children were adjudicated as children in need of assistance (CINA) as a result. After the CINA cases had been open for more than a year, the juvenile court determined the children would be best served by establishment of guardianships and entered corresponding permanency orders.[2]

The children's mother appeals. She argues that the department did not make reasonable efforts to facilitate the family's reunification, contends that she should be given additional time to work toward reunification, and claims that establishment of guardianships is not in the children's best interests.

We review CINA proceedings de novo. *In re K.B.*, 753 N.W.2d 14, 15 (Iowa 2008). Though not bound by them, we give weight to the factual findings of the juvenile court. *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). At a permanency hearing, the State's burden to show that a guardianship should be established rather than returning a child to a parent's custody is by convincing evidence, not clear and convincing evidence. *See* Iowa Code § 232.104(4) (2024); *In re A.D.*, 489 N.W.2d 50, 52 (Iowa Ct. App. 1992) ("The State on a permanency hearing

---

[1] Later, another sibling also accused the father of sexually abusing her. The father was eventually charged with eight counts of sexual abuse—four counts for each of the siblings accusing him—and was awaiting trial at the time of the permanency hearing.

[2] With respect to one child, the permanency order established a guardianship with the child's foster parents. With respect to the other child, the permanency order changed the permanency goal from reunification with the parents to establishment of a guardianship in the future.

needs only show the children cannot be returned by convincing evidence, not by both clear and convincing evidence."). Reunification is an important part of CINA proceedings, but our primary concern is the best interests of the child. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000).

We begin by addressing the mother's contention that the department failed to make reasonable efforts to facilitate reunification. In addressing this contention, we note the mother does not identify what specific services she should have received and did not. *See In re N.S.*, No. 23-1865, 2024 WL 1297596, at *2–3 (Iowa Ct. App. Mar. 27, 2024). Instead, she largely focuses on the fact that she had recently completed a psychological evaluation, argues the department should have done more to tailor reunification efforts in light of her evaluation, and contends that following up on the issues identified in the psychological evaluation requires additional time.

To the extent the mother suggests a specific and necessary service is lacking and that is why reunification is not possible, we disagree. Reunification is not possible because the mother has not demonstrated sufficient protective capacity, not because the department has failed to provide the family with some service. *Cf. In re M.G.*, No. 18-0650, 2018 WL 3912192, at *2 (Iowa Ct. App. Aug. 15, 2018) (recognizing that the department is only required to provide services that would eliminate the barriers to reunification).

We turn to the mother's main contention that she should have been given additional time to work toward reunification because establishment of guardianships is not in the children's best interests. Following a permanency hearing, Iowa Code section 232.104(2)(b) permits the court to enter an order to

"continue placement of the child for an additional six months at which time the court shall hold a hearing to consider modification of its permanency order." That order must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

We understand the mother recently completed a psychological evaluation, and she views this as a potential turning point for her. While we commend the mother for eventually completing the evaluation, we do not share her optimistic viewpoint that she will be in a position to safely parent in six months given her sustained resistance to meaningfully engage in services over the life of this case. The psychological evaluation revealed that although the mother is attending individual counselling she reports "not gaining much" from it. The resulting report recommends that the mother participate in "regular and intensive outpatient counseling." It goes on to recognize that the mother's progress would likely be slow and uneven and notes "there is no guarantee that she [would] choose to do the hard work" that would be necessary to make meaningful progress. This recognition of the mother's limitations contributes to our conclusion that the evidence does not support a finding that the need for removal would no longer exist at the end of an additional six-month period if the mother was given that additional time. As a result, we decline to grant the mother additional time to work toward reunification.

Finally, the mother contends the establishment of guardianships for the children is not in their best interests. When making a best-interests determination,

we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). We agree with the juvenile court that the establishment of guardianships is in the children's best interests. This provides the children with the stability they require while also preserving legal ties between the mother and the children. Taking this route, the children's needs can be met while the mother is able to focus on caring for and improving herself. If at some point in the future either guardianship is no longer necessary, it can be terminated.

We affirm the juvenile court.

**AFFIRMED.**